IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD ULRICH, | : | CIVIL ACTION NO. **1:CV-14-0919** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| TOM CORBETT, Governor, and TOM RIDGE, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On May 13, 2014, Plaintiff, Richard Ulrich, currently an inmate at the State Correctional Institution at Benner Township ("SCI-Benner Township"), Bellefonte, Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed two *in forma pauperis* Motions. (**Docs. 3 & 9**). Plaintiff further filed a Motion a to appoint Counsel. (**Doc. 4**). Next, Plaintiff filed a Motion to Intervene by Christopher Donnelly and Jodi Arias. (**Doc. 8**). Finally, on May 30, 2014, Plaintiff filed an Amended Complaint. (Doc. 12).

Plaintiff's Complaint is rambling and disjointed. It appears that Plaintiff essentially claims that he is seeking Defendants Corbett and Ridge to cease use of the PA Statute, 18 Pa. C.S.A. § 7512, Criminal Use of Communication Facility. (Doc. 1). We will deem Plaintiff's Amended Complaint filed on May 20, 2014 as superseding Plaintiff's Complaint[1]. (Doc. 12). Again, Plaintiff's Amended

---

[1]Plaintiff attempts to reallege and incorporate his original Complaint (Doc. 1) as a part of his Amended Complaint and it is thus not a complete document in itself. Local Rule 15.1dictates that an amended complaint must be complete in and of itself. *See* L.R. 15.1

Complaint is rambling and contains information about zodiac signs, Nostradamus and information regarding his parents, all of which are not legally cognizable claims against Defendants.

Plaintiff names Tom Corbett, Governor of the Commonwealth of Pennsylvania and Tom Ridge, former Governor of the Commonwealth of Pennsylvania as Defendants.  (Doc. 1, p. 1). Plaintiff indicates that they are being sued individually and in their official capacity[2]. This Court has jurisdiction over this § 1983 civil rights case pursuant to 28 U.S.C. § 1343(a).  (Doc. 1, p. 1).

We find that Plaintiff has not stated a legally cognizable claim as against any Defendant.

## II.  PLRA.

The Prison Litigation Reform Act of 1995[3] (the "PLRA")obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[2]To the extent that Plaintiff seeks monetary damages from Defendants, he can only sue the state actor Defendants in their individual or personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).  Thus, we will recommend that Plaintiff's damages claims against the state actor Defendants in their official capacities be dismissed with prejudice.

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

2

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

**III. Section 1983 Standard**.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

Furthermore, it is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir.1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a §1983 case, and that a

3

complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

**IV. Motion to Dismiss Standard.**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577

> F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## V. Discussion.

We find that Plaintiff has not stated a constitutional claim as against Defendant Governor Corbett or former Governor Ridge.

As the Third Circuit Court stated in *Goodrich v. Clinton County Prison*, 214 Fed. Appx. 105, 112 (3d Cir. 2007) "a supervisor may be personally liable under § 1983 'if he

or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations,' *A.M.*, 372 F.3d at 586 ... ." However, we find that Plaintiff's allegations are insufficient to establish that Defendants Corbett or Ridge violated his constitutional rights since he does not allege that they were personally involved in any of Plaintiff's concerns regarding the PA Statute, 18 Pa. C.S.A. § 7512, Criminal Use of Communication Facility or in its effect on Plaintiff. In Fact, Plaintiff's Amended Complaint does not mention the statute at all. Plaintiff does not allege that any of the supervisory Defendants failed to supervise any state employees in regard to the statute . In fact, as stated, Plaintiff does not even allege that any supervisory Defendants had any direct knowledge of Plaintiff or his issues regarding the statute.

Furthermore, even if Plaintiff had properly alleged a § 1983 claim, Plaintiff failed to timely file his claim because his claim dates back to 1998. (Doc. 1, p. 1). According to this Court, the statute of limitations for a § 1983 claim is two years. In *Karchnak v. Swatara Township, et al.*, 540 F. Supp. 2d 540, 545-46 (M.D. Pa. 2008), the Court stated:

> Section 1983 does not contain a statute of limitations for cases brought under its purview. Thus, for § 1983 actions, a court must look to the state statute of limitations for personal injury claims. *Sameric Corp. Of Del., Inc. v city of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). In Pennsylvania, the statute of limitations for personal injury is two years. 42 Pa. Cons. Stat. § 5524. Thus, all of Plaintiff's § 1983 claims are subject [to] this two-year statute of limitations.

A cause of action under § 1983 accrues "when the plaintiff knew or should have known of the injury upon which the action is based." *Sameric Corp. Of Del., Inc. v city of*

*Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). According to Plaintiff's own admission in his Complaint dates back to 1998. Plaintiff did not file his Complaint until May 13, 2014.

Therefore, we will recommend that Defendants Corbett and Ridge be dismissed with prejudice. Based on the above discussion, we find Plaintiff has amended his Complaint once, thus we find futility in allowing Plaintiff to amend his Complaint as against Defendants once again.

Plaintiff also filed a Motion a to appoint Counsel. (**Doc. 4**). Plaintiff states in his motion that he is unable to afford counsel. (Doc. 4, p. 1). Plaintiff also states that his imprisonment will greatly limit his ability to litigate his case. (*Id.*). Additionally, Plaintiff states that the case will likely involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross examine witnesses. (*Id.*). Plaintiff does not have a constitutional right to appointed counsel. The Court in *Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 (3d Cir. 2007), stated:

> "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Id.* However, a district court does have discretionary authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." *Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir.1993). Whether a district court chooses to request counsel depends on several factors, including: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. *Montgomery,* 294 F.3d at 499 (citing *Tabron v. Grace,* 6 F.3d at 155-57). This list of factors is not exhaustive. *Tabron,* 6 F.3d at 157.

(Internal footnote omitted).

Further, "a district court has 'broad discretion' to appoint counsel." *Id*.

Based on these factors, we find that Plaintiff's Document 4 Motion for Appointment of Counsel should be denied. Plaintiff has demonstrated an ability to present his own case based on his Complaint and Amended Complaint. (Docs. 1 & 12). Plaintiff's pleadings demonstrate that he can write proper English. Moreover, there are no difficult and complex legal issues involved in this case.

Even if Plaintiff does not have the financial resources and time to properly prepare his case, it is premature to say if this case will go to trial. We have recommended that this case be dismissed against Defendants. Even if this case does go to trial, Plaintiff is responsible for his own costs in prosecuting his case, including the costs of discovery and assembling the facts. Simply because Plaintiff is *pro se* and allegedly lacks financial resources, does not entitle him to conduct his discovery free of charge or paid by the government. *See Victor v. Lawler*, 2010 WL 2326248, *3-*4 (M.D. Pa. 6-2-10)(the law is well-settled that *pro se* litigant must pay for the expenses involved in their civil actions); *Copelin v. Rothermel*, Civil No. 09-2336, M.D. Pa. This is also true even if the Plaintiff is proceeding *in forma pauperis*.

In *Tabron v. Grace*, 6 F. 3d 147, 159 (3d Cir. 1993), the Third Circuit Court stated that "[t]here is no provision for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent

8

litigant." *See also Augustin v. New Century TRS Holding, Inc.*, 2008 WL 5114268 (W. D. Pa.)(Court denied request of indigent litigant who was proceeding *in forma pauperis* to direct the U.S. Marshal to serve subpoenas since no federal law existed authorizing court to order the payment of federal monies for the necessary expenses of a civil suit filed by an indigent litigant); *Reynolds v. Katz*, Civil No. 06-1400, M.D. Pa.

In *Kerwin v. Varner*, 2006 WL 3742738, *2 (M.D. Pa.), this Court denied an inmate Plaintiff's Motion to appoint a medical expert to assist with his case and stated that "we do not have the authority to appoint a medical expert or private investigator to act on behalf of [inmate] Kerwin." *See also Atwell v. Lavan*, 557 F. Supp. 2d 532, 557 (M.D. Pa.2008)(denial of inmate Plaintiff's request, in civil rights action, for subsidized copies and postage paid by prison staff did not amount to First Amendment claim of denial of access to the courts); *Hodge v. U.S.*, 2009 WL 2843332, *4-*5(M.D. Pa.)(*in forma pauperis* Plaintiffs, including *pro se* inmates, are responsible for their litigation fees in civil actions); *Tabron v. Grace*, 6 F. 3d 147, 159 (3d Cir. 1993)(court had no authority to pay for Plaintiff's deposition transcript); *Wilkerson v. U.S.*, Civil No. 07-2228 (M.D. Pa. 4-20-09)(court denied *in forma pauperis* Plaintiff's motion for independent medical exam). Thus, this Court has no authority to have government monies used to pay for Plaintiff's expenses in prosecuting his case. Also, the Court simply will not appoint Plaintiff an attorney so that the attorney will have to use his or her own money to prepare Plaintiff's case. Thus, we will recommend Plaintiff's Motion for Appointment of Counsel **(Doc. 4)** be denied.

Finally, Plaintiff filed a Motion to Intervene by Christopher Donnelly and Jodi Arias. (**Doc. 8**). Plaintiff states that Christopher Donnelly and Jodi Arias move this Court to intervene as Plaintiffs in this case to support Plaintiff's claim. (*Id.*). Plaintiff states that they have a common vested interest in this case. (*Id.*). It is unknown what the "common vested interest" is regarding these two individuals as Plaintiff does not provide any information in his Motion. Notably, Jodi Arias is not a prisoner in Pennsylvania or a Pennsylvania resident, in fact, she is a prisoner in the State or Arizona. Thus, we will deny Plaintiff's Motion based on his lack of standing to file a motion to intervene for other prisoners. We must further caution Plaintiff that he is not legally permitted to file court documents on behalf of other prisoners or to sign their names to documents.

**VI.     Recommendation.**

Based on the foregoing, it is respectfully recommended that Plaintiff's Complaint (**Doc. 1**) and Amended Complaint (**Doc. 12**) both be dismissed with prejudice. Further, it is recommended that Plaintiff's Motions for Leave to Proceed *in forma pauperis* (**Docs. 3 & 9**) be granted solely for the purpose of filing this action. It is further recommended that Plaintiff's Motion to Appoint Counsel be denied. (**Doc. 4**). Further, it is recommended that Plaintiff's Motion to Intervene by Christopher Donnelly and Jodi Arias be denied. (**Doc. 8**). Finally, it is recommended that the Court close this case.

                              **s/ Thomas M. Blewitt**
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**

**Dated: June 10, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD ULRICH, | : | CIVIL ACTION NO. **1:CV-14-0919** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| TOM CORBETT, Governor, and TOM RIDGE, | : | |
| Defendants | : | |

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 10, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: June 10, 2014**