IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD ULRICH,** | **CIVIL NO. 1:14-CV-0919** |
| **Plaintiff** | |
| v. | **(Judge Rambo)** |
| | **(Magistrate Judge Blewitt)** |
| **TOM CORBETT,** *Governor of the Commonwealth of Pennsylvania, individually and in his official capacity;* **TOM RIDGE,** *Ex-Governor of the Commonwealth of Pennsylvania, individually and in his official capacity,* | |
| **Defendants** | |

# M E M O R A N D U M

## I.  Background

### A.  Introduction

Before the court is a report and recommendation (Doc. 13) filed by the magistrate judge to whom this matter was referred in which he recommends that the civil action filed by Plaintiff Richard Ulrich pursuant to 42 U.S.C. § 1983, as amended, be dismissed.  The complaint (Doc. 1) was filed *pro se*, followed by two motions for leave to proceed in forma pauperis (Docs. 3 & 9), a motion for appointment of counsel (Doc. 4), and a motion by two other prisoners, Christopher Donnelly and Jodi Arias, to intervene (Doc. 8) and an amended complaint (Doc. 12). The magistrate judge addressed the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommended dismissal of the amended complaint.  Ulrich has filed objections to the report and recommendation.  For the reasons stated in the

court's independent review below and in the report and recommendation, the court will adopt the recommendation that the case be dismissed.

### B. The Complaint and the Amended Complaint

The complaint was filed on May 13, 2014 (Doc. 1). On May 30, 2014, Ulrich filed a document entitled "Amended Complaint and/or Declaration of Richard Ulrich" (Doc. 12). The first paragraph of that document states "Plaintiff re-alleges and incorporates by reference paragraphs 1-23 in the original complaint mailed on May 23, [sic] 2014." (*Id.* at p. 1.) This "amended complaint" is in violation of Middle District Local Rule 15.1 which dictates that an amended complaint must be complete in and of itself. Ulrich should have been aware of this requirement because of his receipt of this district's Standing Practice Order (Doc. 2). Furthermore, the "amended complaint" sets forth "predictions from GOD, the Mayans, and Nostradamus in accordance with the Moon, Stars and heavens (Zodiac)" and proceeds with family history. (*Id.* at p. 1.) This document does not set forth a cause of action and will not be considered an amended complaint. Thus, this court will look to the original complaint (Doc. 1) to determine if Ulrich has set forth a cause of action.

### C. Claims

Ulrich is a state prisoner who was convicted under 18 Pa. Cons. Stat. Ann. § 7512(q) – Criminal Use of Communication Facility. He claims that his conviction under that statute was improperly obtained. His claim is based on his belief that the only way prosecution under this act would have to be done is in violation of the Pennsylvania Wiretapping & Electronic Surveillance Act, 18 Pa. Cons. State. Ann. § 5704(2)(ii). His claims against Defendants are based on the fact

that the defendants were governors of the state of Pennsylvania and enforced this law in their position as governors.

Ulrich claims that 18 Pa. Cons. Stat. Ann. § 7512 is unconstitutional and seeks release from imprisonment and damages. He brought suit pursuant to 42 U.S.C. §§ 1983 and 1985.

## II.  Discussion

The complaint has many shortcomings in the nature of statute of limitations, sovereign immunity, and exhaustion of state remedies. These issues will be discussed in further detail below.

### A. Statute of Limitations

A claim based on 42 U.S.C. § 1983 must be filed within two years from the date when the plaintiff knew or should have known of the injury upon which the action is based. *Sameric Corp of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The record does not reflect when Ulrich was sentenced. He claims that he became aware of the apparent conflict between 18 Pa. Cons. Stat. Ann. § 5701 and 18 Pa. Cons. Stat. Ann. § 7512(a) in 2007. He did not file the instant complaint until May 13, 2014 – seven years later. Ulrich argues that he is entitled to equitable tolling as the violation is a continuing violation.

In the recent case of *Tearpock-Martini v. Borough of Shickshinny*, No. 13-3876, 2014 WL 2808140 (3d. Cir.), the court stated, "we have cautioned, however, that equitable relief from the statutory limitations period is appropriate only where the alleged violation is "occasioned by continual unlawful acts not continual ill effects from an original violation." *Id.* at 9 (citing *Cowell v. Palmer*

*Township*, 263 F.3d 286, 292 (3d Cir. 2001).  The arrest under the statute that is the subject of this suit is a one-time event to Ulrich.  The fact that the statute may affect him in the future does not make it a continuing violation; nor does Ulrich have standing to protect other violators from prosecution under this statute.  Hence, this action is not timely.

### B.  Sovereign Immunity and Preliminary Injunction Relief

Ulrich claims that he is suing former Governor Ridge and current Governor Corbett in their individual and official capacities.  Ulrich claims that the Governors' decision to enforce 18 Pa. Cons. Stat. Ann. § 7512 deprived him of his First, Fourth, Fifth, Sixth and Fourteenth Amendment rights.  Neither Ridge nor Corbett are involved in their individual capacities.  As state actors involved in the enforcement of the duly enacted laws of the Commonwealth of Pennsylvania, they are acting or acted in their official capacities.  Government officials sued in their official capacities are also not "persons" when sued for monetary damages because they are agents of the state.  *Hafer v. Melo*, 502 U.S. 21, 25-28 (1991), *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff is also seeking injunctive relief from the defendants.  He seeks to primarily enjoin defendants from prosecuting under 18 Pa. Cons. Stat. Ann. § 7512 (Doc. 1, ¶¶ 37 & 40). "[P]reliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.' " *Steedley v. McBride*, 550 Fed. Appx. 101, 103 (3d Cir. 2013) citing *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700. 708 (3d Cir. 2004).  A party seeking a preliminary injunction must show (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in

irreparable harm to the defendant; and (4) granting the injunction is in the public interest.  *Steedley*, 550 Fed. Appx. at 103.  The burden lies with the plaintiff to establish in his favor every element listed above, which Ulrich has failed to do.  Ulrich is not likely to succeed on the merits which firmly establishes that he is not entitled to a preliminary injunction.

To the extent that it could be argued that Ridge and Corbett are sued in their individual capacities, this claim is also without foundation.  Neither Defendant supervised the prosecution of Ulrich's crime, had any actual knowledge of the prosecution, and were not involved personally with Ulrich's prosecution.  Liability under § 1983 is personal in nature and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance.  *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir. 1997), *abrogated in part on other grounds by Burlington N. & Santa Fe RR Co. v. White*, __ U.S. __ (2006).

### C. Conspiracy

Ulrich also alleges a violation of 42 U.S.C. § 1985.  He does not state under what section of 1985 he brings this action.  Ulrich states in his objections that:

> 1. Plaintiff has established an agreement through the duties and responsibilities of the Governor's seat that is to ensure that all laws are executed faithfully and Defendant Tom Ridge's signature on the enactment of 18 Pa.C.S.A. § 7512 Criminal Use of Communication Facility. (A reasonable inference can be drawn through these facts to create and show an agreement); 2. has shown certain person and/or class of people being deprived because of the constitutional protections and guarantees with in the Pennsylvania Wiretapping and Electronic Surveillance Act and protected by the laws and United States Constitution; 3. the continuation of charging one with 18 Pa.C.S.A. § 7512 . . . .

(Doc. 14 at pp. 3-4.)  This allegation does not show a conspiracy under § 1985 subsection (1) – preventing officer from performing duties.  The allegation does not meet the requirements of subsection (2) by showing an obstruction of justice; intimidating party, witness or juror; nor does it meet subsection (3) as the allegation does not show motivations based upon racial or class based discriminatory animus. *Zeke v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).  Thus, the conspiracy allegation has no basis.

### D.  Intervention Requests by Non-Parties

Inmates Christopher Donnelly and Jodi Arias have filed a joint motion to intervene under Rule 24 (a)(2) and (3).  (Doc. 8.)  The motion does not comply with Federal Rule of Civil Procedure 24(c) which requires the following:

> (c) **Notice and Pleading Required.** A motion to intervene must be served on the parties as provided in Rule 5.  The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Thus, the motion to intervene will be denied.

### III.  Conclusion

For the reasons stated above, and for some of the reasons set forth in the report and recommendation of the magistrate judge, the complaint will be dismissed.  An appropriate order will be issued.

                                                  s/Sylvia H. Rambo
                                                United States District Judge

Dated:  July 8, 2014.